```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE         *    MDL Docket No. 2004
                                       4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                       Case Nos.
LIABILITY LITIGATION              *    4:11-cv-5080 (J. Jones)
_____
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Jeannette Jones was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mrs. Jones brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Jones also contends that Mentor did not adequately warn her physicians about the risks associated with ObTape. Her husband Charles asserts a loss of consortium claim. Mentor argues that the Joneses' claims are time-barred. For the reasons set forth below, the Court agrees, and Mentor's summary judgment motion (ECF No. 73 in 4:11-cv-5080) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

On January 4, 2005, Dr. Curtis Powell implanted Jeannette Jones with ObTape.  Within a year after the ObTape implant, Mrs. Jones's husband Charles felt exposed mesh during intercourse. In July 2006, Mrs. Jones returned to Dr. Powell complaining of a rough spot in her vagina.  Dr. Powell examined Mrs. Jones, observed that her sling was exposed, and told Mrs. Jones that the exposed portion of mesh needed to be removed.  Mrs. Jones sought a second opinion from Dr. Randall Willis, who confirmed that the ObTape had eroded and needed to be removed.  And in October 2006, Mrs. Jones went to Dr. Gennady Slobodov complaining of vaginal discharge and painful intercourse; Dr. Slobodov told Mrs. Jones that her mesh had eroded and needed to be removed.

Dr. Slobodov performed an excision surgery on October 16, 2006. He removed Mrs. Jones's entire ObTape. When Mrs. Jones woke up from the surgery, she asked Dr. Slobodov if she could see the mesh because she knew it was causing her problems. Jones Dep. 49:14-15, ECF No. 73-5 ("If you had something giving you that much trouble, wouldn't you like to see a piece of it?"). At her follow-up appointment with Dr. Slobodov, Mrs. Jones reported no complaints, no pain, and no discharge.

The Joneses are Oklahoma residents, and all of Mrs. Jones's ObTape-related treatment took place in Oklahoma. Mrs. Jones asserts claims for negligence, strict liability - design defect, strict liability – manufacturing defect, strict liability – failure to warn, breach of implied warranties, breach of express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Mr. Jones asserts a loss of consortium claim. Mrs. Jones does not contest summary judgment on her warranty claims, so Mentor's summary judgment motion is granted as to those claims.

## DISCUSSION

The Joneses filed this action in the United States District Court for the Western District of Oklahoma on October 31, 2011. The Judicial Panel on Multidistrict Litigation transferred the action to this Court for pretrial proceedings. The parties

3

agree that Oklahoma law, the law of the transferor court, applies.

Oklahoma has a two-year statute of limitations for product liability claims. Okla. Stat. tit. 12, § 95(3); *Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1361 (Okla. 1974). Mrs. Jones does not dispute that this two-year statute of limitations applies to her negligence, strict liability, and fraud claims. She contends, however, that her claims did not accrue under Oklahoma's discovery rule until she saw a television advertisement about mesh complications shortly before she filed this action.

Under Oklahoma's discovery rule, the statute of limitations for a product liability action begins to run when "the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which his action is brought and that defendant has caused it." *Williams v. Borden, Inc.*, 637 F.2d 731, 734 (10th Cir. 1980) (applying Oklahoma law). And, a fraud claim does not accrue until a plaintiff discovers the fraud, although "a plaintiff is charged with having knowledge of those facts which ought to have been discoverable in the exercise of reasonable diligence." *Erikson v. Farmers Grp., Inc.*, 151 F. App'x 672, 676 (10th Cir. 2005) (applying Oklahoma law).

"[A] reasonably prudent person is required to pursue his claim with diligence." *Daugherty v. Farmers Coop. Ass'n*, 689

4

P.2d 947, 951 (Okla. 1984). "Statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts." *Id.* "A plaintiff is chargeable with knowledge of facts which he ought to have discovered in the exercise of reasonable diligence." *Id.* In *Daugherty*, for example, the plaintiff was exposed to toxic pesticides, and his doctors tentatively diagnosed him with insecticide poisoning. He did not pursue a claim against the insecticide manufacturer until nearly three years later. The Oklahoma Supreme Court concluded that his claims were barred because the record showed that he had enough facts "to put a reasonable man upon inquiry" years before he filed his action. *Id.*

The Joneses filed this action five years after three different doctors told Mrs. Jones that her ObTape had eroded and was causing her symptoms. The Joneses argue that the statute of limitations should be tolled because Mentor fraudulently concealed from Mrs. Jones that ObTape was defective, so Mrs. Jones was not on notice in 2006 that a *defect* in ObTape caused her injuries. The Joneses did not point to any Oklahoma authority holding that a plaintiff must be on actual notice that her injuries were caused by a product defect. Rather, the precedent establishes that a claim accrues when the plaintiff becomes aware of an injury and a causal connection between the

5

injury and the defendant's product. *Williams*, 637 F.2d 731 (10th Cir. 1980); *accord Resolution Trust Corp. v. Grant,* 901 P.2d 807, 813 (Okla. 1995) (noting that discovery rule tolls the limitations period "until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury").

Mrs. Jones knew in 2006 that ObTape was causing her symptoms. She even asked the doctor who performed her excision procedure to show her the mesh that was causing her trouble. And, after Mrs. Jones had her ObTape removed in 2006, her symptoms went away. At that point, Mrs. Jones had a duty under Oklahoma law to investigate the potential causal connection between ObTape and her injuries. A reasonable person in her situation would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem. But Mrs. Jones pointed to no evidence that she took any action to investigate her potential claims even though she knew in 2006 that there was a connection between her injuries and the ObTape. Under these circumstances, the Court concludes that the statute of limitations for Mrs. Jones's claims began running in 2006 and that fraudulent concealment does not toll the statute of limitations. Mrs. Jones did not file this action within two years, so her claims

are time-barred.  Mr. Jones's loss of consortium claim is derivative of Mrs. Jones's claims; because her underlying claims fail, his loss of consortium claim also fails.  *Laws v. Fisher*, 513 P.2d 876, 878 (Okla. 1973).

## CONCLUSION

As discussed above, the Joneses' claims are time-barred, and Mentor's summary judgment motion (ECF No. 73 in 4:11-cv-5080) is granted.

IT IS SO ORDERED, this 2nd day of March, 2016.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA